36 F.3d 1095
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Alexander ROSE, a/k/a Tony Rose, Defendant-Appellant.
 No. 94-5067.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 25, 1994.
Decided Sept. 29, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CR-93-184)
 Richard M. Gunnoe, Ziegler, Gunnoe & Kemp, Hinton, W.Va., for appellant.
 Rebecca A. Betts, U.S. Atty., Victoria B. Major, Asst. U.S. Atty., Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before RUSSELL and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Thomas Alexander Rose pled guilty to conspiracy to distribute crack cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1994), 18 U.S.C. Sec. 2 (1988), and was sentenced to a term of twenty-four months imprisonment. He appeals his sentence, alleging that the district court clearly erred in finding that he was not a minor or minimal participant in the offense. United States Sentencing Commission, Guidelines Manual, Sec. 3B1.2 (Nov.1993).* We affirm.
 
 
 2
 Rose drove Brenda Shelton, with whom he had lived for seven years, to a supermarket parking lot in Oak Hill, West Virginia, on March 11, 1992, where Shelton made a monitored sale of 2.13 grams of crack to a confidential informant. After his guilty plea, Rose admitted that he knew Shelton was selling crack and that he was present during other sales. He told the probation officer that he could also have sold crack, but chose not to because he was inclined to addiction. He admitted receiving crack from Shelton for his personal use. At the time of the March 11, 1992, distribution, Rose was unemployed and was being supported largely by Shelton, who worked in a grocery store and supplemented her income by selling crack.
 
 
 3
 The probation officer did not recommend any role adjustment for Rose, who objected, and argued that he should receive a four-level reduction as a minimal participant, USSG Sec. 3B1.2(a), or a two-level reduction as a minor participant, USSG Sec. 3B1.2(b). At sentencing, Rose claimed that his role had been simply to drive Shelton first to the neighborhood where her source lived and then to the supermarket parking lot at her request. He admitted knowing that her purpose was to sell drugs and that there were other similar transactions. The government stated, consistent with its plea negotiations with Rose, that it would not oppose a minor role adjustment.
 
 
 4
 Ultimately, the district court determined that Rose did not qualify for a mitigating role adjustment. It did not credit Rose's claim to be nothing more than a driver, and found that he participated fully with Shelton although he allowed her to do the dirty work by handling the drugs, and that he profited from the money thus acquired and in having access to drugs for his own use.
 
 
 5
 A defendant seeking a mitigating adjustment bears the burden of showing by a preponderance of the evidence that he is entitled to it. United States v. Urrego-Linares, 879 F.2d 1234, 1238-39 (4th Cir.), cert. denied, 493 U.S. 943 (1989). We find no clear error in the district court's factual determination, and note that the court properly considered all relevant conduct in making its decision, not simply the acts alleged in the count of conviction. See USSG Sec. 1B1.3(a) (adjustments determined on the basis of relevant conduct); United States v. Fells, 920 F.2d 1179, 1183-84 (4th Cir.1990), cert. denied, 501 U.S. 1219 (1991).
 
 
 6
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 A minimal participant is one who is plainly among the least culpable in a group. USSG Sec. 3B1.2(a). A minor participant is one who is less culpable than most other participants, but who is not a minimal participant. USSG Sec. 3B1.2(b)